People v Lee

2026 NY Slip Op 03125

May 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Appellant,

v

William Lee, Respondent.

Decided and Entered: May 19, 2026

Ind. No. 753/21|Appeal No. 6026|Case No. 2024-03688|

Before: Renwick, P.J., Kennedy, Friedman, Mendez, Hagler, JJ.

Alvin L. Bragg, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for appellant.

Sarafa Zellan PLLC, New York (Andrea Zellan of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Brendan T. Lantry, J.), entered on or about May 15, 2024, which granted defendant's motion to dismiss the indictment, unanimously reversed, on the law, defendant's motion denied, the indictment reinstated, and the matter remitted for further proceedings.

The court should not have found that the People failed to comply with CPL 245.20 based on their belated disclosure of messages between the complainant and the prosecutor and the prosecutor and detective. CPL 245.20(1) requires prosecutors to disclose "all items and information that relates to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction and control." Absent a showing of due diligence, the failure to make such a disclosure may invalidate the People's certificate of compliance (COC), striking their certificate of readiness as illusory (see People v Bay, 41 NY3d 200, 213 [2023]).

CPL 245.20, however, "does not require or anticipate a 'perfect prosecutor,'" but requires the court to look at a multitude of factors as set forth by the Court of Appeals in People v Bay and assess the People's due diligence on a case-specific basis (Bay, at 212). The analysis "calls for a holistic assessment of the People's efforts to comply with the automatic discovery provisions, rather than a strict item-by-item test that would require [this Court] to conclude that a COC is improper if the People miss even one item of discovery" (People v Cooperman, 225 AD3d 1216, 1220 [4th Dept 2024]).

Here, when the appropriate factors are weighed, the People established that they exercised due diligence. The People provided defendant with multiple sets of discovery, including but not limited to interview notes, phone records, the transcripts from the controlled calls, DD5s, and DNA results, all of which totaled hundreds of pages (see People v Contompasis, 236 AD3d 138, 150 [3d Dept 2025], lv denied 43 NY3d 1007 [2025]). The record does not support any finding of bad faith on the People's part. On the contrary, and considering the circumstances of this case, the content of the belated disclosure was not significant and was comparatively minor given the People's voluminous disclosure (see People v Grandoit, 242 AD3d 1298, 1301 [3d Dept 2025]). Although "discoverable material fell through the cracks," in the overall scope of discovery, "these delayed disclosures are merely the result of a prosecutor who, having exercised due diligence, missed a few discoverable items" (Contompasis, 236 AD3d at 150). Accordingly, defendant's motion to invalidate the People's COC should not have been granted.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 19, 2026