People v Martinez
2026 NY Slip Op 50966(U)
June 24, 2026
Appellate Term, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Disclosure-Automatic Discovery-Good Faith and Due Diligence

The People of the State of New York, Respondent,
v
Keanu Martinez, Defendant-Appellant.

Supreme Court, Appellate Term, First Department
Decided on June 24, 2026
570209/24
Present: Tisch, J.P., Perez, Alpert, JJ.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Marisol Martinez-Alonso, J.), rendered January 6, 2023, after a jury trial, convicting him of forcible touching and assault in the third degree, and imposing sentence.
[*1]
Per Curiam.
Judgment of conviction (Marisol Martinez-Alonso, J.), rendered January 6, 2023, affirmed.
Defendant's speedy trial motion, premised upon the alleged invalidity of the People's August 23, 2021 and subsequent certificates of compliance [COC], was properly denied. When the appropriate factors are weighed (see People v Bay, 41 NY3d 200 [2023]), the People established that they exercised due diligence. The People turned over voluminous discovery with their initial COC, including 12 body worn camera [BWC] videos and accompanying metadata, police and DA paperwork, nine memo books, ICAD and sprint report, hospital records, arrest photos, and videos recorded by the victim.
Upon discovering the existence of missing discovery, including additional BWC videos and memo books, the People promptly obtained the missing items and disclosed them to defendant. The record establishes that the People's failure to timely disclose these items was inadvertent and without bad faith or a lack of due diligence (see People v Deas, 226 AD3d 823 [2024], lv denied 42 NY3d 969 [2024]). While there is no dispute that discoverable material fell through the cracks, our review of the record leads us to conclude that these delayed disclosures are merely the result of a prosecutor who, having exercised due diligence, missed a few discoverable items. Under the particular circumstances of this case, we find that the disclosures were reasonable and that the People exercised due diligence (see People v Lee, -- AD3d --, 2026 NY Slip Op 03125 [2026]; People v Contompasis, 236 AD3d 138, 149-150 [2025], lv denied 43 NY3d 1007 [2025]).
Defendant's constitutional claim is unpreserved, and, in any event, without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 24, 2026